UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

STACEY LAMONT MOSLEY,

    Petitioner,

v.

LOUS S. FOLINO,

    Respondent.

CIVIL ACTION NO. 3:14-cv-00468

(MUNLEY, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

On March 13, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Stacey Lamont Mosley, on March 7, 2014. (Doc. 1). At the time of filing, Mosley was incarcerated at SCI Greene, which is located in Greene County, Pennsylvania.

I.   STATEMENT OF THE CASE

On July 10, 2009, following a jury trial, Mosley was convicted in the Court of Common Pleas for Juniata County of robbery, criminal conspiracy, and criminal attempt, and he was sentenced to serve an aggregate term of thirty-five to seventy years imprisonment. *Commonwealth v. Mosley*, Docket No. CP-34-CR-0000224-2008 (Juniata

County C.C.P.).[1] (Doc. 17-1, at 8–11). His conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on October 6, 2010. *Commonwealth v. Mosley*, 15 A.3d 518 (Pa. Super. Ct. 2010) (table decision). (Doc. 17-3, at 2–23). He did not file a petition for allocatur with the Supreme Court of Pennsylvania.

The petitioner subsequently filed a PCRA petition in the state trial court on March 4, 2011.[2] *Commonwealth v. Mosley*, Docket No. CP-34-CR-0000224-2008 (Juniata County C.C.P.). (Doc. 19-2, at 2–14). His PCRA petition was denied by the PCRA court on March 5, 2012. *Commonwealth v. Mosley*, Docket No. CP-34-CR-0000224-2008 (Juniata County C.C.P.). The petitioner timely appealed to the Superior Court of Pennsylvania, which dismissed his PCRA appeal on December 11, 2012, and denied a request for rehearing on January 16, 2013. *Commonwealth v. Mosley*, 62 A.3d 16 (Pa. Super. Ct. 2012) (table decision). (Doc. 17-6, at 2–8; Doc. 17-7,

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state and federal court records. *Montanez v. Walsh*, Civil Action No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

[2] Mosley's PCRA petition was received and docketed by the PCRA court on March 9, 2011. But under the prisoner mailbox rule, it is deemed to have been filed with the PCRA court on the date when it was presented to prison officials for mailing—March 4, 2011. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1241 n.2 (Pa. Super. Ct. 2011).

at 2). The petitioner timely filed a petition for allocatur with the Supreme Court of Pennsylvania, which was denied on June 25, 2013. *Commonwealth v. Mosley*, 69 A.3d 243 (Pa. 2013) (table decision). (Doc. 17-9, at 2).

Mosley filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 7, 2014.[3] (Doc. 1). On July 23, 2014, the respondent filed his answer to the petition. (Doc. 18; *see also* Doc. 17; Doc. 19). On August 7, 2014, Mosley filed his reply. (Doc. 20).

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, *id.* § 2244(d)(1), and the circumstances under which the limitation period may be tolled, *id.* § 2244(d)(2).

---

[3] The instant petition was received and docketed by the Court on March 13, 2014, but it appears to have been deposited in the prison mail system on March 7, 2014, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

**A. Calculation of the Applicable Limitation Period**

Under the AEDPA, a state prisoner generally must file any federal habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[4] Where a

---

[4] In his reply, Mosley appears to suggest that his habeas claims are based on "newly discovered evidence," and thus the limitation period for this petition should instead be calculated under an alternative provision providing for a one-year limitation period running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of ordinary diligence." 28 U.S.C. § 2244(d)(1)(D). The "newly discovered evidence" evidence referenced in the reply is an affidavit by a Philadelphia tattoo parlor employee attesting that, at the time of the two Juniata County robberies for which Mosley was convicted, he was present in that tattoo parlor, approximately 150 miles away in Philadelphia. (Doc. 1, at 8). The affidavit is dated July 5, 2012. (*Id.*). But "[e]vidence becomes 'known' on 'the date on which the *factual predicate* of the claim or claims presented could have been discovered through the exercise of reasonable diligence.'" *Sistrunk v. Rozum*, 674 F.3d 181, 188–89 (3d Cir. 2012) (quoting 28 U.S.C. § 2244(d)(1)(D)) (emphasis added). Here, the record clearly establishes that Mosley knew the facts underlying this affidavit at the time of his criminal trial. Although ultimately not presented at trial, Mosley filed a notice of alibi defense based on the same facts conveyed by the July 2012 affidavit. (*See* Doc. 17-11, at 13–14 (trial transcript)). At Mosley's PCRA hearing, defense counsel testified extensively regarding this alibi defense and his unsuccessful efforts to find someone from the tattoo parlor who would come up from Philadelphia to testify in Mosley's defense. (Doc. 17-21, at 10–16, 31–38, 45–47 (PCRA transcript)). "[E]vidence that is 'previously known, but only newly available' does not constitute 'newly discovered evidence'" under § 2244(d)(1)(D). *Sistrunk*, 674 F.3d at 189.

prisoner does not pursue direct review of his conviction all the way to the Supreme Court of the United States, his conviction becomes final when the time for pursuing direct review in that Court, or at any level of state court, expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). Here, the Superior Court of Pennsylvania affirmed Mosley's conviction and sentence on October 6, 2010. Because Mosley did not file a petition for allocatur in the Supreme Court of Pennsylvania, his conviction became final thirty days later on November 5, 2010. *See* Pa. R. App. P. 1113(a)(1) (permitting 30 days after entry of a Superior Court order to file a petition for allocatur).

Thus, absent any applicable tolling period, Mosley had until November 5, 2011, to timely file his federal petition for a writ of habeas corpus. The instant petition was filed more than two years later on March 7, 2014.

### B. Statutory Tolling

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). On March 4, 2011, Mosley filed his *pro se* PCRA petition in

the Court of Common Pleas, 119 days after his conviction became final. When Mosley's PCRA petition was denied by the Court of Common Pleas, he appealed to the Superior Court. When the Superior Court dismissed his PCRA appeal, Mosley petitioned the Supreme Court of Pennsylvania for allocatur. On June 25, 2013, the Supreme Court of Pennsylvania denied allocatur and the limitation began to run once again for an additional period of 246 days (one year less 119 days), ending on February 26, 2014. *See generally Lawrence v. Florida*, 549 U.S. 327, 332 (2007); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013). The instant petition was constructively filed nine days later, on March 7, 2014.

Accordingly, the instant petition is time-barred unless there are grounds for equitable tolling of the statute of limitations.

**C. Equitable Tolling**

In addition to a period of statutory tolling, a habeas petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and

prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at 418.

Mosley has failed to allege any facts or circumstances to establish that some extraordinary circumstance stood in the way of his timely filing of the instant petition, or that he has been pursuing his rights diligently. Accordingly, Mosley has failed to demonstrate that he is entitled to any period of equitable tolling.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITH PREJUDICE** as untimely filed. It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: May 12, 2016            ***s/ Joseph F. Saporito, Jr.***
                                                        JOSEPH F. SAPORITO, JR.
                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY LAMONT MOSLEY, | |
| Petitioner, | CIVIL ACTION NO. 3:14-cv-00468 |
| v. | (MUNLEY, J.)<br>(SAPORITO, M.J.) |
| LOUS S. FOLINO, | |
| Respondent. | |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated May 12, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 12, 2016                     *s/ Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States Magistrate Judge