IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACEY LAMONT MOSLEY,** | : | No. 3:14cv468 |
| **Petitioner** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| **LOUIS S. FOLINO,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is Magistrate Judge Joseph M. Saporito Jr.'s report and recommendation (hereinafter "R&R"). (Doc. 25). The R&R proposes dismissing Stacey Lamont Mosley's (hereinafter "Mosley") petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely filed.[1] Mosley filed objections to the R&R, and they are ripe for disposition.

**Background**[2]

On April 16, 2009, a jury in Juniata County, Pennsylvania convicted Mosley of robbery, criminal conspiracy, and criminal attempt. The trial judge,

---

[1] Mosley filed the instant petition on his own behalf, *pro se*. A prisoner's *pro se* pleading is construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). We have kept this precept in mind as we have reviewed Mosley's petition and objections.

[2] Neither party objects to the factual background or procedural history as set for in the R&R. Thus, as the parties agree on these matters, we provide limited citations to the record for our brief background section.

on July 10, 2009, sentenced Mosley to serve an aggregate term of thirty-five (35) to seventy (70) years imprisonment. On direct appeal, the Superior Court of Pennsylvania affirmed Mosley's conviction and sentence on October 6, 2010. Mosley did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On March 4, 2011, Mosley filed a *pro se* petition, pursuant to Pennsylvania's Post Conviction Relief Act (hereinafter "PCRA"), in the Juniata County Court of Common Pleas. The common pleas court denied the petition on March 5, 2012. Mosley appealed to the Pennsylvania Superior Court. The Superior Court dismissed Mosley's appeal on December 11, 2012, and denied a request for rehearing on January 13, 2013. Mosley next petitioned the Pennsylvania Supreme Court for allowance to appeal, which the Pennsylvania Supreme Court denied on June 25, 2013.

Subsequent to exhausting his state court appeals, Mosley filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter "section 2254") with this court on November 7, 2013. (See No. 3:13-cv-2733, Doc. 1). The Clerk of Court assigned the case to Magistrate Judge Susan E. Schwab, and on November 26, 2013, Magistrate Judge Schwab issued a

Mason v. Meyers order.³ (Id., Doc. 5). The order advised Mosley, *inter alia*, that to avoid successive section 2254 petitions, he must marshal in one section 2254 petition all arguments collaterally attacking his conviction. (Id.) To this end, the order included a "Notice of Election" form, and directed Mosley to return the form within thirty (30) days.⁴

On December 23, 2013, Mosley elected to withdraw his prior 2254 petition. (Id., Doc. 6). Accordingly, on January 23, 2014, the court deemed Mosley's petition withdrawn and closed that case. (Id., Doc. 8).

On March 7, 2014, Mosley filed the instant *pro se* section 2254 petition. (Doc. 1). The parties briefed their respective positions and on May 12, 2015, Magistrate Judge Saporito issued an R&R, which recommends dismissing the instant habeas corpus petition as untimely. Mosley filed objections to the R&R bringing the case to its present posture.

**Jurisdiction**

Section 2254 confers jurisdiction on United States district courts to issue a "writ of habeas corpus in behalf of a person in custody pursuant to a

---

³ Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

⁴ The notice of election form required Mosley to indicate whether he wished the court to rule on his section 2254 petition as-is or to elect to withdraw his petition and file a subsequent all-inclusive petition. (No. 3:13-cv-2733, Doc. 5).

judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**Legal standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

**Discussion**

Magistrate Judge Saporito recommends dismissing the instant section 2254 habeas petition as untimely.  Specifically, Magistrate Judge Saporito determined Mosley's one-year statute of limitations period to file a timely section 2254 petition expired on February 26, 2014.  Mosley filed the instant petition on March 7, 2014.  Thus, according to Magistrate Judge Saporito, the instant petition is untimely.

Mosley objects, arguing the section 2254 petition he filed on November

7, 2013, tolled the limitations period until he filed his notice of election to withdraw that prior petition on December 23, 2013–a period of forty-six (46) days.  Therefore, according to Mosley, he had until April 14, 2014 to file a timely section 2254 petition, which he filed on March 7, 2014.  After a careful review, the court agrees with Mosley to the extent that we will deem the instant section 2254 petition timely.

Federal law provides that a district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  A petition for a writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment."  Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a federal court cannot grant habeas relief on a claim that has been adjudicated by a state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(1)-(2). Moreover, a section 2254 petition must be timely filed under AEDPA's stringent standards which provide that:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As stated in Magistrate Judge Saporito's R&R, Mosley's conviction became final on November 5, 2010. (Doc. 25, R&R at 5). Thus, Mosley had one-year, until November 5, 2011, to file his section 2254 petition. (Id.) Mosley, however, filed his habeas petition on March 7, 2014–more than two years later. (Id.) Mosley's petition is therefore untimely, unless statutory and

6

equitable tolling rescue his petition.

In the instant case, both statutory and equitable tolling rescue Mosley's untimely filing. Regarding statutory tolling, AEDPA tolls the running of the limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Here, Mosley filed his state PCRA petition on March 4, 2011–119 days after his conviction became final. (Doc. 25, R&R at 5-6). The trial court denied his petition, and Mosley filed a timely appeal to the Superior Court of Pennsylvania. (Id. at 6). The Superior Court dismissed his appeal and the Supreme Court of Pennsylvania denied permission for allowance to appeal on June 25, 2013. (Id.) Accordingly, AEDPA's one-year statute of limitations began to run on June 25, 2013 for an additional 246 days (one-year less 119 days), ending on February 26, 2014. (Id.)

In addition to statutory tolling, the Supreme Court of the United States has held that the statute of limitations for section 2254 petitions may be tolled for equitable reasons in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). The Court explained that such tolling is only available where the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks and citation omitted). Here,

Mosley satisfies both equitable tolling elements.

First, Mosley pursued his rights diligently. Specifically, after Mosley's conviction became final on November 5, 2010, he filed a timely PCRA petition on March 4, 2011 in the Juniata County Court of Common Pleas. The common pleas court denied the petition on March 5, 2012. Mosley appealed to the Pennsylvania Superior Court. The Superior Court dismissed Mosley's appeal on December 11, 2012, and denied a request for rehearing on January 13, 2013. Mosley next petitioned the Pennsylvania Supreme Court for allowance to appeal, which the Pennsylvania Supreme Court denied on June 25, 2013.

Subsequent to exhausting his state court appeals, Mosley filed a *pro se* petition for a writ of habeas corpus pursuant to section 2254 with this court on November 7, 2013. (See No. 3:13-cv-2733, Doc. 1). On November 26, 2013, Magistrate Judge Schwab issued an order and advised Mosley, *inter alia*, that to avoid successive section 2254 petitions, he must marshal in one section 2254 petition all arguments collaterally attacking his conviction. To this end, the order included a "Notice of Election" form, and directed Mosley to return the form within thirty (30) days. On December 23, 2013, Mosley elected to withdraw his prior 2254 petition to file one all inclusive petition within the applicable statute of limitations. (Id., Doc. 6). As such, the record

8

demonstrates Mosley diligently pursued his rights.

Second, Mosley is able to demonstrate that an extraordinary circumstance stood in his way of timely filing the instant section 2254 petition. Initially, Magistrate Judge Saporito determined Mosley's one-year statute of limitations period to file a timely section 2254 petition expired on February 26, 2014. Mosley filed the instant petition on March 7, 2014. Thus, according to Magistrate Judge Saporito, the instant petition is untimely.

Magistrate Judge Saporito, however, did not account for any time between the date Mosley filed his prior section 2254 petition and the date the court mailed him the notice of election form. As previously stated, Mosley filed a prior section 2254 petition on November 7, 2013. Nineteen (19) days later, on November 26, 2013, the court issued an order requiring Mosley to complete and return a notice of election form. Thus, for nineteen (19) days, the court did not provide Mosley with any notice that his November 7th petition was improper or could be withdrawn. As such, the court will construe the time between the date Mosley filed his prior petition and the date the court mailed the notice of election as an extraordinary circumstance that stood in his way of filing a timely petition. Because Mosley has demonstrated that he diligently pursued his rights and established an extraordinary circumstances that stood in his way of filing a timely section 2254 petition, the court will equitably toll

these nineteen (19) days.

Mosley therefore had an additional nineteen days from February 26, 2014, or until March 17, 2014, to file his section 2254 petition.  Because Mosley filed the instant petition on March 7, 2014, the court will deem it timely and remand back to Magistrate Judge Saporito to address the merits of the underlying petition.

**Conclusion**

For the above-stated reasons, the court will deem the instant section 2254 petition as timely.  The record conclusively establishes that both statutory and equitable tolling rescue Mosley's petition from AEDPA's one-year statute of limitations.  Ergo, the court will remand the instant petition to Magistrate Judge Saporito for an R&R addressing the merits of Mosley's section 2254 petition.  An appropriate order follows.

**BY THE COURT:**

Date:  06/14/2016               s/ James M. Munley
                                **JUDGE JAMES M. MUNLEY**
                                **United States District Court**